IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**AMANUEL WADE, No. K-96700,**

    **Petitioner,**

vs.

**DAVE REDNOUR,**

    **Respondent.**               **No. 11-cv-387-DRH**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Pending before the Court is petitioner Amanuel Wade's motion to lift stay (Doc. 7). The Court **GRANTS** petitioner's motion and further orders respondent to answer and show cause within **thirty (30) days** why this writ should not issue. Petitioner, currently incarcerated in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.

    Petitioner challenges his June 15, 2001 murder conviction. He is serving a thirty-two (32) year sentence. On May 21, 2007, the Illinois Appellate Court, Fifth Judicial District, affirmed his conviction. Petitioner's petition for leave to appeal to the Illinois Supreme Court was denied on September 26, 2007, as was his writ of certiorari filed in the United States Supreme Court on February 19, 2008. Thus, on August 22, 2008, petitioner filed an unsuccessful petition for post-conviction relief

pursuant to 725 Illinois Compiled Statutes 5/122-1 *et seq*; dismissed on November 13, 2008. The Illinois Appellate Court affirmed the dismissal on May 24, 2010. Thereafter, on September 27, 2010, petitioner filed a petition for relief from judgment in the Circuit Court of Madison County pursuant to 735 Illinois Compiled Statutes 5/2-1401, which remained pending at the inception of petitioner's instant habeas petition. Thus, petitioner motioned for and was granted a stay of the current proceedings on December 20, 2011 (Doc. 4). As petitioner's current motion of July 18, 2012, informs the Court that he has since exhausted his administrative remedies, the Court **GRANTS** petitioner's motion to lift the stay (Doc.7).

Further, upon preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 cases in United States District Courts and the allegations contained in petitioners pleading pending before the Court, the Court shall order a response.

**IT IS HEREBY ORDERED** that respondent shall, within thirty (30) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial

proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 28th day of July, 2012.

David R. Herndon
2012.07.28
07:13:47 -05'00'

**Chief Judge**
**United States District Court**