IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**AMANUEL WADE,**

    **Petitioner,**

    v.

**DAVE REDNOUR,**

    **Respondent.**

**No. 11-cv-387-DRH-DGW**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge**

    Now pending before the Court is the Petition for a Writ of Habeas Corpus (Doc. 1) filed by Petitioner, Amanuel Wade, on May 10, 2011. For the reasons set forth below, the petition is **DENIED**.

### BACKGROUND

    Petitioner, Amanuel Wade, pled guilty to one count of first degree murder on June 15, 2001, in the Circuit Court of Madison County, Illinois in connection with the death of Ronald Hempel, a cab driver shot nine times during the course of a robbery (Doc. 24-8, p. 25). In exchange for petitioner's guilty plea and on the condition that he testify against his co-defendants, the State of Illinois (the State) agreed to dismiss the remaining charges, one of which was punishable by death, and to recommend a sentence between twenty and sixty years of imprisonment. *Id.* at 26. The State's factual basis for the plea included petitioner's written and

videotaped confessions that he had shot the cab driver. *Id*. Further, petitioner's girlfriend, Veronica Mitchell, told police officers that she called the cab driver to petitioner's location on the night of the incident. *Id*. On May 28, 2002, the Madison County Court sentenced petitioner to thirty-two years imprisonment (Doc. 24-7, p. 4).

Petitioner filed a pro se motion to withdraw his guilty plea and vacate his sentence less than a month later, on June 18, 2002 (Doc. 24-7, p. 4). On August 10, 2004, appointed counsel filed an amended motion wherein he argued that plea counsel was ineffective for: (1) failing to share discovery with petitioner; (2) failing to prepare petitioner for a suppression hearing; (3) taking petitioner to court on short notice and telling him to plead guilty or face the death penalty; (4) promising petitioner that if he pled guilty, he would be sentenced to twenty years of imprisonment; (5) failing to investigate witnesses; and (6) failing to inform petitioner that if he pled guilty he could not appeal the denial of his motion to suppress. *Id*. The trial court found that petitioner's guilty plea was voluntarily made and denied the motion to withdraw. *Id*.

Petitioner appealed the denial of his motion to withdraw his guilty plea on the sole basis that the trial court should have *sua sponte* ordered a hearing pursuant to *People v. Krankel*, 464 N.E.2d 1045 (Ill. 1984), when petitioner, after pleading guilty but before sentencing, sent a letter to the trial court complaining about plea counsel's representation (Doc. 24-7, p. 6). The Illinois Appellate Court found that, after sending his letter to the court, petitioner continued to meet his obligations

under the plea agreement by testifying, under oath, that he shot the cab driver.[1] *Id*. The court found that petitioner's letter did not necessitate a *Krankel* hearing and, even if it did, he had received every opportunity that he would have had at a *Krankel* hearing at the hearing on his motion to withdraw his guilty plea. *Id*. at 7-8. On May 21, 2007, the court affirmed petitioner's conviction and sentence. *Id*. at 11. Petitioner's subsequent petition for leave to appeal to the Illinois Supreme Court was denied on September 26, 2007. *Id*. at 13. On February 19, 2008, the United States Supreme Court denied petitioner's petition for certiorari. *Id*. at 26.

Petitioner filed a pro se post-conviction petition on August 18, 2008 alleging that plea counsel and appointed counsel, who represented him on his motion to withdraw his guilty plea, were ineffective (Doc. 24-2, p. 54). Petitioner alleged that plea counsel was ineffective for: (1) failing to file a motion to quash the indictment because a detective supposedly perjured himself before the grand jury; (2) failing to uncover inconsistencies in a witness's statement against petitioner; (3) failing to interview or investigate a co-defendant and discover that he had allegedly confessed to the crime prior to implicating petitioner; (4) failing to investigate or interview another co-defendant about his contention that petitioner and others had previously robbed a cab driver in a similar manner; (5) failing to investigate or interview Leroy Lucas, Sr. about petitioner's statement in his confession that he called Veronica Mitchell from Lucas's home phone; and (6) violating petitioner's

---

[1] The court further noted that the record is devoid of any substantiation that the court, trial counsel, or the State was aware of Petitioner's letter. Petitioner did not request that the letter be brought to the court's attention, and he did not indicate that he had served his counsel or the State a copy of the letter.

attorney-client privilege by testifying at the hearing on his motion to withdraw his guilty plea. *Id*. at 200-24.

Petitioner further argued that his appointed counsel on his motion to withdraw was ineffective for: (7) failing to object to plea counsel's alleged breach of attorney-client privilege and (8) failing to preserve petitioner's issues with plea counsel for direct review. *Id*. at 224-26. Petitioner also asserted that (9) his Due Process rights were violated when the State called Detective Rodi, who knowingly presented perjured testimony, as a witness before the grand jury. *Id*. at 226-29. Petitioner also argued that (10) appellate counsel was ineffective for failing to raise arguments (8) and (9) on direct appeal. *Id*. at 229. Finally, he argued that (11) his due process rights were violated when the trial court failed to admonish him that he would be required to serve 100% of his sentence. *Id.* at 229-30.

On November 13, 2008, the post-conviction court dismissed petitioner's petition (Doc. 24-3, p. 31-33. Petitioner appealed, and his appointed appellate counsel moved to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987) (Doc. 24-8, p. 1). In his motion to withdraw, appellate counsel addressed the following potential claims as frivolous: (1) plea counsel was ineffective for failing to move to quash the indictment based upon allegedly perjured testimony; (2) plea counsel was ineffective for failing to investigate witness statements; (3) plea counsel was ineffective for violating Petitioner's attorney-client privilege at the hearing on his motion to withdraw his guilty plea; and (4) petitioner's due process rights were violated when the court failed to admonish him that he would be required to serve

100% of his sentence. *Id* at 8-10. In his response to counsel's *Finley* motion, petitioner addressed only his claim that plea counsel was ineffective for failing to move to quash the indictment. *Id.* at 14-16. On direct review, the Illinois Appellate Court found that petitioner failed to establish prejudice pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), as he testified, under oath, on three different occasions that he shot the cab driver in the head. *Id.* at 29. The court further noted that petitioner had not claimed his innocence or presented a plausible defense. *Id.* The court granted appointed counsel's motion to withdraw and affirmed the judgment dismissing petitioner's post-conviction petition on May 24, 2010. *Id.* at 30. The Illinois Supreme Court subsequently denied petitioner's appeal.

Plaintiff filed a petition for a writ of habeas corpus before this Court on May 10, 2011. Petitioner raises two grounds for relief:

1. Plea counsel was ineffective for:

    a. failing to investigate Velma Coleman, Brenda K. Wade, Angela S. Singleton, Sierra S. Morgan, Hillary J. Harris, Sharon R. Merrifield, Abdella Coleman, and Sirr Coleman as potential alibi witnesses (Claim 1A);

    b. failing to communicate with petitioner and show him discovery (Claim 1B);

    c. promising petitioner that the Court would impose a twenty-year sentence;

    d. failing to prepare petitioner to testify at his suppression hearing.

    e. failing to move to dismiss the indictment on the basis of perjured grand jury testimony (Claim 1E);

      f.  failing to investigate the statements of Jesse "Smitty" Smith, Leroy "Skeet" Lucas, Jr., and Veronica Mitchell (Claim 1F); and

2.   Petitioner was denied his due process rights when the State presented perjured testimony before the grand jury.

## DISCUSSION

This Antiterrorism and Effective Death Penalty Act (AEDPA) (codified at 28 U.S.C. § 2254), imposes a "highly deferential standard for evaluating state-court rulings" on constitutional claims. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). Where a state court has adjudicated a petitioner's claims on the merits, this Court may not grant habeas relief unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). The statute "authorizes federal-court intervention only when a state-court decision is objectively unreasonable." *Woodford*, 537 U.S. at 27. AEDPA's standard is a "difficult standard" for habeas petitioners to meet and was meant to be so. *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011); *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003). "The state court decision is reasonable if it is minimally consistent with the facts and circumstances of the case." *Schultz v. Page*, 313 F.3d 1010, 1015 (7th Cir. 2002) (quotations omitted). The relevant decision is that of the last state court to consider the merits of petitioner's claim. *See Garth v. Davis*, 470 F.3d 702, 710 (7th Cir. 2006).

I.   **Ineffective Assistance of Counsel**

In his petition before this Court, petitioner has alleged that plea counsel was ineffective for:   (a) failing to investigate Velma Coleman, Brenda K. Wade, Angela S. Singleton, Sierra S. Morgan, Hillary J. Harris, Sharon R. Merrifield, Abdella Coleman, and Sirr Coleman as potential alibi witnesses (Claim 1A); (b) failing to communicate with Petitioner and show him discovery (Claim 1B); (c) promising petitioner that the Court would impose a twenty-year sentence (Claim 1C); (d) failing to prepare petitioner to testify at his suppression hearing (Claim 1D); (e) failing to move to dismiss the indictment on the basis of perjured grand jury testimony (Claim 1E); and (f) failing to investigate the statements of Jesse "Smitty" Smith, Leroy "Skeet" Lucas, Jr., and Veronica Mitchell (Claim 1F).

Petitioner's claims 1A, 1B, 1C, and 1D are procedurally defaulted as he has failed to raise each specific ground for relief in one complete round of state court review.  Prior to reaching the merits of a claim, the AEDPA requires that petitioner "fairly present his federal claims to the state courts by arguing both the law and the facts underlying them."   *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010). Fair presentment requires that petitioner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  "In Illinois, this means that a petitioner must have . . . appealed to the Illinois Appellate Court and presented the claim in a petition for leave to appeal to

the Illinois Supreme Court. *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007). When a petitioner has failed to properly assert his federal claims at each level of state review, and the time for presenting new claims has passed, the claims are procedurally defaulted and cannot be raised in habeas proceeding. *Byers*, 610 F.3d at 985. For a federal court to review procedurally defaulted claims, a petitioner must demonstrate cause and prejudice or a fundamental miscarriage of justice if the claims are ignored. *See McGee v. Bartow*, 593 F.3d 556, 565 (7th Cir. 2010).

In his brief before the trial court on his motion to withdraw his guilty plea, petitioner argued that plea counsel was ineffective on four grounds: (1) failing to investigate Velma Coleman, Brenda K. Wade, Angela S. Singleton, Sierra S. Morgan, Hillary J. Harris, Sharon R. Merrifield, Abdella Coleman, and Sirr Coleman as potential alibi witnesses; (2) failing to communicate with him and show him discovery; (3) promising him that the Court would impose a twenty-year sentence; and (4) failing to prepare him to testify at his suppression hearing. On direct appeal of said motion, petitioner solely alleged that pursuant to Illinois law, the trial court should have *sua sponte* ordered a hearing pursuant to *People v. Krankel*, 464 N.E.2d 1045 (Ill. 1984). Petitioner further failed to allege these specific ineffective assistance of counsel claims in his motions for post-conviction and injunctive relief. *See Everett v. Barnett*, 162 F.3d 498, 502 (7th Cir. 1998) (stating in asserting an ineffective assistance of counsel argument, the petitioner is also required to raise each specific ground for ineffectiveness). As such,

petitioner has failed to present claim 1A, 1B, 1C, and 1D through one complete round of state-court review and these claims are procedurally defaulted.[2]

**Claims 1E and 1F**

The Illinois Court of Appeals, however, considered petitioner's remaining ineffective assistance of counsel claims on appeal from the denial of his motion for post-conviction relief. In said motion, petitioner argued that plea counsel was ineffective for failing to move to dismiss the indictment on the basis of perjured grand jury testimony (Claim 1E) and for failing to investigate the statements of Jesse "Smitty" Smith, Leroy "Skeet" Lucas, Jr., and Veronica Mitchell (Claim 1F).

To succeed on a claim that trial counsel was ineffective before this Court, petitioner must show that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). An "unreasonable application" is where the state court identifies the correct legal rule but applies it in an "objectively unreasonable" manner. *Williams v. Taylor*, 529 U.S. 362, 409-10 (2000).

*Strickland v. Washington*, 466 U.S. 668 (1984) established a two- pronged standard that a defendant must satisfy to merit relief on an ineffective assistance of counsel claim. First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

---

[2] Petitioner has not demonstrated cause and prejudice or a fundamental miscarriage of justice if these claims are ignored. This Court granted petitioner leave to file a response brief and he failed to do so.

This requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. Second, a defendant must demonstrate that he was prejudiced by counsel's deficient performance, showing that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

To show prejudice under *Strickland* in the plea context, petitioner must demonstrate that, absent the claimed ineffective assistance, he would not have pled guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). "[A] mere allegation by [the petitioner] that he would have insisted on going to trial is insufficient to establish prejudice." *Morales v. Boatwright*, 580 F.3d 653, 663 (7th Cir. 2009) (quoting *United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005)). Rather, the petitioner "must go further and present objective evidence that a reasonable probability exists that he would have taken that step." *Morales*, 580 F.3d at 663.

Because counsel is presumed effective, habeas corpus petitioners face a "heavy burden" in establishing an ineffective assistance of counsel challenge. *Walker v. Litscher*, 421 F.3d 549, 558 (7th Cir. 2005). The Seventh Circuit has stressed that the "bar for establishing that a state court's application of the *Strickland* standard was 'unreasonable' is a high one." *Murrell v.* Frank, 332 F.3d 1102, 1111 (7th Cir. 2003). "[O]nly a clear error in applying *Strickland* would support a writ of habeas corpus . . . because *Strickland* calls for inquiry into

degrees, thereby adding a layer of respect for a state court's application of the legal standard." *Id*. (internal citations, quotations, and alterations omitted). This Court will deny relief if it finds that the "state court [took] the rule seriously and produce[d] an answer within the range of defensible positions." *Mendiola v. Schomig*, 224 F.3d 589, 591 (7th Cir. 2000). "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Petitioner has not met his heavy burden to show that the state court erred in its application of *Strickland*. Rather, the record shows that the state court identified the controlling federal constitutional standard and reasonably determined that petitioner could not demonstrate the requisite prejudice on any of his claims. The appellate court found that petitioner failed to set forth any plausible defense that could have been raised had he gone to trial. Specifically, petitioner had not repudiated his sworn statements—made at the trial of two co-defendants and at his own sentencing—that he had shot the victim. The record supports the state appellate court's findings. Petitioner's confession was detailed and memorialized in writing and on videotape. The statements of his girlfriend and co-defendants corroborated petitioner's confession. Petitioner confessed to plea counsel that he had, in fact, shot and killed the cab driver

Further, in exchange for petitioner's guilty plea and on the condition that he testify against his co-defendants, the State agreed to dismiss a charge that was punishable by death. In light of the facts of petitioner's case, the trial court's determination that it was unlikely that petitioner would have rejected the plea deal and face the death penalty but for the alleged perjured grand jury testimony and inconsistent witness statements was reasonable. As such, petitioner's claims of ineffective assistance of counsel must fail.

## II.   Due Process Rights

In his second ground for relief, petitioner alleges that he was denied his due process rights when the State presented perjured testimony before the grand jury. However, once a plea of guilty has been entered, non-jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked. *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991); *See United States v. Broce*, 488 U.S. 563, 569 (1989) ("[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary."). As such, petitioner's claim is not cognizable on habeas review as his guilty plea forecloses collateral attack on the validity of his indictment and his claim must fail.

## III.   Certificate of Appealability

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11(a) of the Section 2254

Rules; *Gonzalez v. Thaler*, 132 S. Ct. 641, 649 (2012). Title 28 United States Code § 2253(c)(2) provides that a certificate should only issue if there is a "substantial showing of the denial of a constitutional right."

Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists would not debate whether the petition should be resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (finding where a district court denies a habeas petition on procedural grounds, without reaching the merits of the underlying constitutional claim, the petitioner must show not only that jurists of reason would find it debatable whether the petitioner has alleged at least one meritorious claim, but also that jurists of reason would find the procedural ruling debatable). Further, as to the preserved claims of ineffective assistance of counsel, the trial court reasonably found that petitioner could not prove the requisite prejudice. Because petitioner's claims are procedurally barred, meritless, or not cognizable on federal habeas review, this Court will not issue a certificate of appealability.

In conclusion, petitioner's § 2254 petition is **DENIED** and his claims are dismissed with prejudice. Judgment is to enter accordingly.

**IT IS SO ORDERED.**

**Signed this 11th day of March, 2014.**

Digitally signed by
David R. Herndon
Date: 2014.03.11
16:35:20 -05'00'

**Chief Judge**
**U.S. District Court**